IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL COUNTRYMAN, #211 840 | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO. 2:05-CV-149-F |
| ARNOLD HOLT, WARDEN, *et al.*, | * |
| Defendants. | * |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

On March 18, 2005 the court directed Plaintiff to show cause on or before March 29, 2005 why his complaint should not be dismissed for his failure to submit a prison account statement from the account clerk at the Bullock County Correctional Facility as directed by order filed February 23, 2005. (Doc. No. 4.) Plaintiff was cautioned that his failure to comply with the March 18, 2005 order would result in a Recommendation that his complaint be dismissed. (*Id.*) The requisite time has passed and Plaintiff has not complied with the order of the court. Consequently, the court concludes that dismissal of this case is appropriate for Plaintiff's failure to comply with the order of the court.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for Plaintiff's failure to prosecute this action properly and to comply with the orders of this court.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **April 13, 2005**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 1st day of April, 2005.

/s/ Delores R. Boyd

UNITED STATES MAGISTRATE JUDGE